

UNITED STATES FEDERAL DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DR. STANLEY ALEXANDER )<br>Plaintiff )<br>)<br>v. )<br>)<br>LUTHERAN MEDICAL CENTER )<br>(A.K.A. NYU LUTHERAN )<br>MEDICAL CENTER) )<br>Defendant )<br>)<br>LUTHERAN FAMILY HEALTH )<br>CENTERS )<br>Defendant )<br>)<br>LUTHERAN HEALTHCARE )<br>Defendant )  | **CV 15    3592**<br><br>Case No.:<br><br>**KUNTZ, J.** |

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

TO: Defendant Lutheran Family Health Centers, by and through its President, Larry McReynolds, 150 55th Street, Brooklyn, New York 11220.

### INSTRUCTIONS

1. Pursuant to Rule 34 of the Federal Rules of Civil Procedure (FRCP), Plaintiff, Dr. Stanley Alexander ("Dr. Alexander") submits the following request for production of documents from the aforementioned Defendant.

2. Pursuant to FRCP Rule 34(a), Plaintiff acknowledges that these requests are limited to the scope of FRCP Rule 26(b), and requests that when Defendant is unable to producer certain documents because they fall outside of such scope, Defendant will provide a brief explanation as to the reason why the documents fall outside the scope of the request.

3. If certain requests are duplicative of previous requests to which documents have already been produced, Defendant need not reproduce such documents but shall notify Plaintiff that such documents are among those already produced.

4. Pursuant to FRCP Rule 34(b)(2)(E), Plaintiff requests that when Defendant produces the requested documents, including electronically stored information ("ESI"), Defendant will

produce such documents or ESI as they are kept in the usual course of business or will organize and label them to correspond to the categories in the request.

5. Plaintiff requests that Defendant make a good faith effort to produce any and all requested documents that are readily ascertainable from Defendant.

## DEFINITIONS

Notwithstanding the specific definitions below, each word, term, or phrase used in these Interrogatories should be given their most expansive and inclusive meaning. As used in these Interrogatories, the following terms are to be interpreted in accordance with these definitions:

A. "**Agreement**," "**Agreement in dispute**," and "**Contract**" means the understanding between Plaintiff and Defendants, whether alleged or actual, oral or written, at the root of this civil action, pursuant to which Defendants contracted with Dr. Alexander to be the Program Director of the Residency Training Program in Orthodontics and Dental Facial Orthopedics.

B. The words "**any**" and "**all**" shall be read in the conjunctive and not in the disjunctive wherever they appear, and neither of these words shall be interpreted to limit the scope of a request. Furthermore, the use of a verb in any tense shall be construed as the use of the verb in all other tenses and the singular form shall be deemed to include the plural, and vice-versa. The singular form of any noun shall be deemed to include the plural, and vice-versa.

C. "**Communication**" and "**communications**" means any and all inquiries, discussions, conferences, conversations, negotiations, agreements, meetings, interviews, telephone conversations, letters, correspondence, notes, telegrams, facsimiles, electronic mail (E-mail), memoranda, documents, writings, or other forms of communications, including but not limited to both oral and written communications.

D. "**Copies of**" as set forth in the Instructions to this motion means authentic duplicates of the originals as noted, kept, maintained, and organized by Defendants in the ordinary course of business.

E. "**Defendant**" and "**Defendants**" means any and all employees of Defendants Lutheran Medical Center (A.K.A. NYU Lutheran Medical Center), Lutheran Family Health Centers and Lutheran HealthCare.

F. "**Discussion**," "**discussions**," "**discuss**," "**discusses**," "**mention**," "**mentions**," "**describe**," "**describes**," "**analyze**" or "**analyzes**" means any and all inquiries, conferences, conversations, negotiations, agreements or other forms or methods of oral communication or such dialogue sent via E-mail, facsimile, letter, telegram, or other written communication.

G. "**Document**," "**documents**," " **internal communication(s)**," "**external communication(s)**," "**record(s)**," "**written communication(s)**," and "**written correspondence**" means all data, papers, and books, transcriptions, pictures, drawings or diagrams of every nature, whether transcribed by hand or by some mechanical, electronic, photographic or other means, as well

as sound reproductions of oral statements or conversations by whatever means made, including written papers or memoranda which summarize oral conversations, whether in your actual or constructive possession or under your control or not, relating to or pertaining to or in any way to the subject matters in connection which it is used and includes originals, all file copies, all other copies, no matter how prepared and all drafts prepared in connection with such writing, whether used or not, including by way of illustration and not by way of limitation, the following: books; records; reports; contracts; agreements; video, audio and other electronic recordings; memoranda (including written memoranda of telephone conversations, other conversations, discussions, agreements, acts and activities); minutes; diaries; calendars; desk pads; scrapbooks; notes; notebooks; correspondence; drafts; bulletins; electronic mail (E-mail); facsimiles; circulars; forms; pamphlets; notice; statements; journals; postcards; letters; telegrams; publications; inter and intra- office communications; photocopies; microfilm; maps; drawings; diagrams; sketches; analyses; transcripts; electronically stored information (ESI) and any other documents within defendant's possession, custody or control from which information can be obtained or translated, if necessary, by detection devices into reasonably usable form, i.e. typed in English.

H. **"Electronically stored information"** and "ESI" means any Information on operational systems including accounting, financial, distribution, or manufacturing systems; E-mail; Instant Messages (IM); Web pages; text messages; cell phone data; Excel spreadsheets and underlying formulae; metadata; computer databases (i.e., Access); erased, fragmented or damaged data; Blackberry data; and anything stored on computer or other electronic means located on or in, but not limited to cache memory; optical disks; magnetic tapes/back-up tapes; magnetic disks (hard drive, floppy disks, etc.); PDAs, Blackberries and Palm Pilots; cell phones; IM tools; or USB drives.

I. The words **"or"** and **"and"** shall be read in the conjunctive and not in the disjunctive wherever they appear, and neither of these words shall be interpreted to limit the scope of a request. The use of a verb in any tense shall be construed as the use of the verb in all other tenses and the singular form shall be deemed to include the plural, and vice-versa. The singular form of any noun shall be deemed to include the plural, and vice-versa.

J. **"Request,"** and **"Requests"** mean and are limited to the numerical requests set forth in this motion for production of documents.

K. **"Lutheran Medical Center," "NYU Lutheran Medical Center," "Lutheran Family Health Centers," "Lutheran HealthCare," "You," "Defendant,"** and **"Defendants"** mean the Defendants in this civil action and any and all of its agents, representatives, employees, servants, consultants, contractors, subcontractors, investigators, attorneys, and any other persons or entities acting or purporting to act on behalf of the Defendants.

L. **"Anyone acting on your behalf"** means all persons including Defendants' agents, employees, insurance companies, attorneys, investigators, or consultants.

M. **"Person"** means any natural or artificial person, including business entities and other legal entities.

**"Relating to," "relate to," "related to,"** and **"relates to"** means in any way concerning, containing, describing, constituting, referring to, evidencing, mentioning, reflecting, identifying, refuting, contradicting, supporting, connected with or in any way pertaining to the subject, in whole or in part.

## DOCUMENT REQUESTS

**Request for Production of Documents No. 1.**

Any and all written communication between Defendant and Dr. Alexander between June 1, 2011 and October 31, 2013.

**Request for Production of Documents No. 2.**

Any and all records of oral communication between Defendant and Dr. Alexander between June 1, 2011 and October 31, 2013.

**Request for Production of Documents No. 3.**

Any and all communication between Defendant and Dr. Alexander between June 1, 2011 and October 31, 2013, not duplicative of Request #1 and Request #2.

**Request for Production of Documents No. 4.**

Any and all versions of contracts and/or agreements between Dr. Alexander and Defendant including but not limited to drafts and final versions.

**Request for Production of Documents No. 5.**

Any and all modified agreements/amendments/addendums to the contract/agreement between Defendant and Dr. Alexander that are not duplicative of Request #4.

**Request for Production of Documents No. 6.**

Any and all records of internal communications, written or oral, between June 1, 2011 and October 31, 2013, between any of the following parties: Dr. Neal Demby, Dr. Susan Dietrich,

Dr. Margaret Mason and Larry McReynolds, relating to the contracts and/or agreements between Defendant and Dr. Alexander.

**Request for Production of Documents No. 7.**

Any and all records of external communications, written or oral, between June 1, 2011 and October 31, 2013 between any of the following parties: Dr. Neal Demby, Dr. Susan Dietrich, Dr. Margaret Mason and Larry McReynolds, relating to the contracts and/or agreements between Defendant and Dr. Alexander.

**Request for Production of Documents No. 8.**

Any and all records of internal communication between June 1, 2011 and October 31, 2013, between any of the following parties: Dr. Neal Demby, Dr. Susan Dietrich, Dr. Margaret Mason and Larry McReynolds, regarding Dr. Alexander that are not duplicative of those documents produced in Request #6.

**Request for Production of Documents No. 9.**

Any and all records of external communication between June 1, 2011 and October 31, 2013, between any of the following parties: Dr. Neal Demby, Dr. Susan Dietrich, Dr. Margaret Mason and Larry McReynolds, regarding Dr. Alexander that are not duplicative of those documents produced in Request #8.

**Request for Production of Documents No. 10.**

Any and all documentation submitted to the Commission on Dental Accreditation, including but not limited to the Initial Application, as it relates to the May 8 and 9, 2013 site visit for the accreditation of the Orthodontics and Dental Facial Orthopedics Program.

**Request for Production of Documents No. 11.**

Any internal records of written or oral communication between or among Defendant's employees that discuss the 2013 Commission on Dental Accreditation site visit prior to May 8 and 9, 2013.

**Request for Production of Documents No. 12.**

Any internal records of written or oral communication between or among Defendant's employees that discuss the 2013 Commission on Dental Accreditation site visit during the May 8 and 9, 2013 site visit.

**Request for Production of Documents No. 13.**

Any internal records of written or oral communication between or among Defendant's employees that discuss the 2013 Commission on Dental Accreditation site visit after the May 8 and 9, 2013 site visit.

**Request for Production of Documents No. 14.**

Any and all communication between Defendant and the Commission on Dental Accreditation, including but not limited to the Initial Application, as it relates to the May 8 and 9, 2013 site visit for the accreditation of the Orthodontics and Dentofacial Orthopedics Program that are not duplicative of those documents produced in Request #10.

**Request for Production of Documents No. 15.**

Any and all documentation submitted to the Commission on Dental Accreditation, including but not limited to the Initial Application, as it relates to the current accreditation of the Orthodontics and Dental Facial Orthopedics Program.

**Request for Production of Documents No. 16.**

Any and all documents relating to Larry McReynolds' current position, his position during the dates of June 1, 2011 and October 31, 2013, and any and all documents related to his authority to act on behalf of Defendant.

**Request for Production of Documents No. 17.**

Any and all documents relating to Dr. Neal Demby's current position, his position during the dates of June 1, 2011 and October 31, 2013, and any and all documents related to his authority to act on behalf of Defendant during the dates of June 1, 2011 and October 31, 2013.

**Request for Production of Documents No. 18.**

Any and all documents relating to Dr. Susan Dietrich's current position, her position during the dates of June 1, 2011 and October 31, 2013, and any and all documents related to her authority to act on behalf of Defendant during the dates of June 1, 2011 and October 31, 2013.

**Request for Production of Documents No. 19.**

Any and all documents relating to Dr. Margaret Mason's current position, her position during the dates of June 1, 2011 and October 31, 2013, and any and all documents related to her authority on behalf of Defendant during the dates of June 1, 2011 and October 31, 2013.

**Request for Production of Documents No. 20.**

Any and all documents, contracts and/or agreements relating to and between Defendant, Building Service 32BJ Health Fund and Dr. Stanley Alexander.

**Request for Production of Documents No. 21.**

Any and all documents related to *Plaintiff's First Set of Interrogatories, Interrogatory Number 4.*

Dated:  Boston, Massachusetts
        June 16, 2015

                Respectfully submitted,
                DR. STANLEY ALEXANDER
                by and through his attorneys:

                BARRY J. BISSON, Esq.
                The Law Office of Barry J. Bisson
                11 Beacon Street
                Suite 914
                Boston, Massachusetts
                E-mail: Barry@BissonLaw.com
                Telephone:  (617) 338-5902
                Facsimile:   (617) 338-5902

                ANTHONY ANNINO, III, Esq.
                The Law Office of Anthony Annino, III
                11 Beacon Street
                Suite 914
                Boston, Massachusetts
                E-mail: AAnnino@comcast.net
                Telephone:  (617) 426-1100
                Facsimile:   (617) 426-1100